PER CURIAM.
Petitioner Lotti Meier seeks certiorari review of the trial court’s denial of her motion to compel counsel for her former husband to produce discovery documents for an in-camera inspection. We grant the petition.
The wife filed for dissolution of marriage in 2001. Shortly after the wife filed for divorce, the husband respondent Jurg An-dreas Meier moved to his native Switzerland where he now resides.
On three separate occasions, the trial court ordered the husband to produce certain documents. The husband did not comply with the discovery orders and the trial court struck his pleadings and entered a default against him. Subsequently, the wife learned that the husband had provided discovery documentation to his counsel and had also instructed him not to release the documentation to the wife, to return the documentation to him.
The wife again moved to compel the production of documents and to compel the husband’s counsel to produce the documentation to the trial court for an in-camera inspection. The trial court denied the motion finding that it did not have the authority to order the husband’s counsel to turn over the documents against the will of his client, and thereby subject the husband’s counsel to a disciplinary action. The documentation the wife seeks remains in the possession of the husband’s counsel.
Rule 4-3.4(d), Rules Regulating the Florida Bar, prohibits the intentional failure to comply with a discovery request. Rule 4-3.4 provides, in pertinent part,
A lawyer shall not:
(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.
(d) in pretrial procedure, make a frivolous discovery request or intentionally fail to comply with a legally proper discovery request by an opposing party, (emphasis added).
Rule 4-3.4(a), Rules Regulating the Florida Bar, also prohibits a lawyer’s unlawful obstruction of another party’s access to evidence and the concealment of a document or other material that the lawyer knows or reasonably should know is relevant to a pending proceeding.
The husband in this case has failed to comply with several orders of discovery and the husband’s counsel plainly has the ability to do so. The wife seeks the discoverable documentation to determine the extent of the parties’ assets and she is unlikely to obtain the documents’ equivalent through other means. Under these circumstances, the husband’s conduct constitutes an unjustified and deliberate disregard of the court’s authority. The husband’s counsel’s obligation to comply with the orders is thus absolute. To hold otherwise not only disregards the authority of *381 a court, but defies the importance of promoting the truth-seeking function of the discovery rules.
We therefore quash the order under review. Counsel for the husband is to release the documentation in his possession to the trial court for an in-camera review.
Petition granted.